CONCURRING IN THE OPINION AND JUDGMENT IN PART
KAREN NELSON MOORE, Circuit Judge,
concurring in Parts I, II, III and V, and concurring in the judgment as to Part IV.
I concur with the majority’s judgment that this case should be remanded to determine whether Huntington was “without knowledge of the voidability of the transfer avoided.” 11 U.S.C. § 550(b)(1). I write separately to clarify the meaning of this phrase.
In Nordic Village, we held that even when “[i]t is not apparent from the facts that the [transferee] had actual notice,” “it cannot be said that the [transferee] acted without knowledge of the voidability of the *737 transfer” if “the facts give rise to an inference of inquiry notice.” IRS v. Nordic Vill, Inc. (In re Nordic Vill., Inc.), 915 F.2d 1049, 1056 (6th Cir. 1990) rev’d on other grounds, 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). We have since reiterated this holding. See First Independence Capital Corp. v. Merrill Lynch Bus. Fin. Servs. Inc. (In re First Independence Capital Corp.), 181 Fed.Appx. 524, 529 (6th Cir. 2006) (quoting Nordic Vill, 915 F.2d at 1055). We have also explained that because “ ‘some facts suggest ... other facts,’ ... ‘[i]f a transferee possesses knowledge of facts that suggest a transfer may be fraudulent, and further inquiry by the transferee would reveal facts sufficient to alert him that the property is recoverable, he cannot sit on his heels, thereby preventing a finding that he has knowledge.’” Id. (first and third alterations in original) (quoting Brown v. Third Nat’l Bank (In re Sherman), 67 F.3d 1348, 1357 (8th Cir. 1995)). Accordingly, our precedent makes clear that lack of actual knowledge is not sufficient for a § 550 defense. The transferee must also show that it lacks knowledge of facts that would lead a reasonable person to investigate further and learn that the transfer was voidable. First Independence, 181 Fed.Appx. at 529; Nordic Vill, 915 F.2d at 1056. As other circuits have explained, “[n]o one supposes that ‘knowledge of voidability’ means complete understanding of the facts and receipt of a lawyer’s opinion that such a transfer is voidable; some lesser knowledge will do.” Sherman, 67 F.3d at 1357 (quoting Bonded Fin. Servs., Inc., v. Eur. Am. Bank, 838 F.2d 890, 898 (7th Cir. 1988)); see also Bressman v. Bressman (In re Bressman), 327 F.3d 229, 236-37 (3d Cir. 2003).
The majority takes pains to distinguish “inquiry notice,” which it says may sometimes not be sufficient to disprove lack of knowledge, from facts that would “ ‘alert’ a reasonable person to voidability,” which all agree are sufficient to disprove lack of knowledge. Maj. Op. at 732-33. In fact, there is no daylight between inquiry notice and facts that would alert a reasonable person to voidability. And I agree with the majority in the essentials: For a transferee to satisfy the requirement that it took “without knowledge of the voidability of the transfer avoided,” 11 U.S.C. § 550(b)(1), it must show that it lacked not only actual knowledge of the voidability of the transfer, but also knowledge of facts that would lead a reasonable person to investigate and discover the voidability of the transfer. I also agree with the majority that whether the transferee was “without knowledge,” 11 U.S.C. § 550(b)(1), depends in part on “what investigative avenues existed” and “what findings the reasonable investigations would have yielded,” Maj. Op. at 733.1 take those'statements to mean that transferees are not required to undertake unduly onerous investigations, and that whether an investigation is unduly onerous depends on the circumstances of the case.